```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MARILYN HERRERA,                                            :
                                                            :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                            Plaintiff,                      :
                                                            :    19-cv-4869 (BMC)
            - against –                                     :
                                                            :
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                            Defendant.                      :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that she is not disabled under the Social Security Act so as to receive disability insurance benefits. I find no substantive error with the ALJ's conclusion, and further find that plaintiff waived her claim that the ALJ was not constitutionally appointed.

The ALJ first concluded that plaintiff (i) has not engaged in substantial activity since the alleged onset date, (ii) has severe impairments of bipolar disorder, anxiety, and depression, and (iii) does not have an impairment or combination of impairments that meets or medically equals the severity of a mental disorder listed impairment. Under this listing, the evidence must show an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

1. Understanding, remembering, or applying information;
2. Interacting with others;

      3.   Concentrating, persisting, or maintaining pace;

      4.   Adapting or managing oneself.

The ALJ concluded that plaintiff has a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing oneself. The ALJ then determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, except she would be limited to "simple, routine and repetitive tasks; and is limited to only occasional contact with the general public, co-workers and supervisors." The ALJ found that plaintiff was unable to perform her past relevant work as a receptionist and office clerk. At step five, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy, namely the jobs of hand packager, order picker, and machine feeder. The Appeals Council denied review.

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's findings to ensure that they are supported by "substantial evidence," *i.e.* "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

Plaintiff first claims that the ALJ failed to appropriately weigh the opinion evidence by giving only "partial" weight to the opinion of Dr. Carr, a physician who performed a consultative psychiatric evaluation in association with plaintiff's claim for benefits. After describing approximately two years' worth of treatment notes from Neighborhood Counseling Center and the assessment from the State psychiatric consultant, the ALJ agreed with Dr. Carr's assessment of moderate limitations pertaining to relating adequately with others and with memory function, but found "overly severe" his opinion of marked limitations in appropriately dealing with stress

2

and performing complex tasks and moderate limitations in maintaining attention and concentration.

   The ALJ's decision to give only partial weight to Dr. Carr's opinion is supported by substantial evidence. The ALJ noted that, in her examination with Dr. Carr, plaintiff demonstrated only some mild limitations with memory functioning, without any evidence of any substantial restrictions in her ability to sustain concentration and attention. The ALJ further explained that Dr. Carr evaluated plaintiff only a month after a two-year lapse in plaintiff's treatment. The evidence in the record showed that consistent treatment begun shortly after Dr. Carr's evaluation improved plaintiff's condition considerably, and her modest psychiatric treatment, consisting of medication and individual therapy, remained effectively the same throughout this period. The ALJ conducted a detailed review of plaintiff's medical history in the year and a half following Dr. Carr's evaluation, during which plaintiff stated she was doing better since beginning medication, felt better and emotionally stable without active mood symptoms, was tolerating medication well without side effects, and was able to calm herself down on her own after an argument. In treatment sessions plaintiff described having occasional anxiety and some concerns about her memory, but denied suffering from any ongoing issues with depression, and reiterated that she was doing well and that her anxiety remained controlled on her medication regiment. Further, plaintiff was able to manage activities of daily living, travel to Florida for vacation, actively engage in the lives of her children and siblings, regularly attend therapy appointments, and find new employment positions.

   The ALJ also considered the opinion of the State psychiatric consultant, Dr. Rozelman, who found that plaintiff has moderate limitations in understanding, remembering, and applying information and in interacting with others, but only mild issues with concentration, persistence or

3

pace and adapting to or managing oneself. Dr. Rozelman concluded that plaintiff could perform simple work and make simple decisions, with some moderate issues in relating to others. The ALJ noted that Dr. Rozelman's opinion was consistent with the record, as described above, which demonstrates some moderate limitations in social functioning and with memory.

In sum, the ALJ's determination that portions of Dr. Carr's opinion were "overly severe" was based on the timing of Dr. Carr's evaluation relative to plaintiff resuming treatment after a long break, the disconnect between the limitations described in Dr. Carr's evaluation and his medical source statement, an extensive review of treatment notes describing plaintiff's significant improvement with consistent treatment, plaintiff's modest treatment and its stability over time, plaintiff's activities of daily living, and the opinion of the State psychiatric consultant. The ALJ provided good reasons for giving only partial weight to Dr. Carr's opinion, and I agree with the determination.

Plaintiff's remaining arguments are similarly without merit. Plaintiff claims that the ALJ failed to reconcile all aspects of Dr. Carr's opinion, including those that were not expressly discounted in the ALJ's residual functional capacity determination. But the ALJ acknowledged Dr. Carr's full conclusions, including his opinion that plaintiff was capable of following and understanding simple directions and instructions with moderate limitations and perform simple tasks independently with moderate limitations, before explaining that the ALJ agreed only with moderate limitations in relating adequately with others and with memory functioning.

Plaintiff also argues that the ALJ failed to account for plaintiff's stress limitations and how those affect her ability to work in an unskilled job. Plaintiff appears to be referring to Dr. Carr's opinion that plaintiff had marked limitations in appropriately dealing with stress. As

4

described above, the ALJ's decision to accept only portions of Dr. Carr's opinion and reject those that were inconsistent with the record was permissible.

Further, the ALJ restricted plaintiff to unskilled work, with diminished social demands, in recognition of plaintiff's moderate limitations in relating adequately with others and with memory functioning, and ability to perform simple tasks and make simple decisions. Moderate limitations, including limitations in concentration and management of stress, are generally consistent with unskilled work. See McIntyre v. Colvin, 758 F.3d 146, 152 (2d Cir. 2014) (finding that a limitation to unskilled work accounted for the claimant's moderate limitations in concentration, persistence, and pace); Whipple v. Astrue, 479 F. App'x 367, 370 (2d Cir. 2012) (affirming the finding that a consultative examiner's and a State agency consultant's assessment of mild to moderate limitations were accounted for by residual functional capacity limitations to simple tasks in a low-stress environment). I find no error with the ALJ's conclusions.

Finally, plaintiff seeks a remand because she claims the ALJ presiding over her case was an inferior officer but was not properly appointed under Article II, Section 2, Clause 2 of the United States Constitution (the "Appointments Clause"). The Appointments Clause provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

The Supreme Court has held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." Lucia v. S.E.C., 138 S. Ct. 2044, 2055 (2018) (internal quotation marks omitted). But "Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review." Freytag v. Comm'r of Internal Revenue, 501 U.S. 868, 893 (1991) (Scalia, J., concurring in part).

"A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial."  Id. at 893-94.

Thus, a Social Security claimant who fails to raise an Appointments Clause challenge to an ALJ's appointment at the administrative level waives this challenge.  See Bonilla-Bukhari v. Berryhill, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases).  Because plaintiff failed to bring her Appointments Clause challenge at the administrative level, plaintiff waived this challenge.

Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's motion for judgment on the pleadings is granted, and the Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       December 30, 2020